**QUILL & ARROW, LLP**
Kevin Y. Jacobson (SBN 320532)
kjacobson@quillarrowlaw.com
Allen Amarkarian, Esq. (SBN 319117)
aamarkarian@quillarrowlaw.com
e-service@quillarrowlaw.com
10900 Wilshire Boulevard, Suite 300
Los Angeles, CA 90024
Telephone:   (310) 933-4271
Facsimile:    (310) 889-0645

Attorneys for Plaintiff,
**ABRAHAM ARAGON**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM ARAGON, an individual,<br><br>Plaintiff,<br>vs.<br><br>NISSAN NORTH AMERICA, INC., a Delaware Corporation,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>1. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF EXPRESS WARRANTY**<br>2. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF IMPLIED WARRANTY**<br>3. **VIOLATION OF THE SONG-BEVERLY ACT SECTION 1793.2** |

COMPLAINT

Plaintiff, ABRAHAM ARAGON, an individual ("Plaintiff"), alleges as follows against Defendant, NISSAN NORTH AMERICA, INC., a Delaware Corporation ("NISSAN NORTH AMERICA, INC.") on information and belief, formed after a reasonable inquiry under the circumstances:

## INTRODUCTION

1. These causes of action arise out of the warranty obligations of NISSAN NORTH AMERICA, INC. in connection with a vehicle purchased by Plaintiff and for which NISSAN NORTH AMERICA, INC., issued a written warranty.

2. On February 2, 2022, Plaintiff purchased a 2022 Nissan Sentra, having VIN No.: 3N1AB8CV2NY229333 (the "Subject Vehicle") from Nissan of Alhambra located at 1811 West Main Street, Alhambra, California 91801. Pursuant to Section 1793.22, subdivision (e)(2), of the California Civil Code, the Subject Vehicle was a new vehicle that had never been sold to a private consumer prior to Plaintiff's purchase, and therefore constitutes a "new motor vehicle" under the Song-Beverly Consumer Warranty Act (hereinafter "the Act").

3. These causes of action arise out of warranty and repair obligations of NISSAN NORTH AMERICA, INC. in connection with a vehicle that Plaintiff purchased and for which NISSAN NORTH AMERICA, INC. issued a full and enforceable written warranty. The warranty was not issued by the selling dealership.

4. NISSAN NORTH AMERICA, INC. warranted the Subject Vehicle and agreed to preserve or maintain the utility or performance of Plaintiff's vehicle or to provide compensation if there was a failure in such utility or performance. In connection with the purchase, Plaintiff received various warranties, inter alia, a 3-years/36,000 miles express bumper to bumper warranty and a 5-year/60,000 miles of limited powertrain warranty which, inter alia, covers the engine and the transmission, as well as various emissions warranties that exceed the time and mileage limitations of the bumper to bumper and powertrain warranties.

5. The Subject Vehicle was delivered to Plaintiff with serious defects and

nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, engine, electrical, and structural system defects, including those listed in the repair history below.

*Plaintiff's Repair History of the Subject Vehicle*

6. The following is a summary of some pertinent portions of the repair visits for the Subject Vehicle.

7. On April 18, 2022, with approximately 6,454 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility, Cerritos Nissan, and reported the left-rear window not responding to the driver-side window control switch for the aforementioned window. Upon inspection, Defendant's authorized technician verified Plaintiff's concern and diagnosed the issue to be due to an internal failure of the window motor. Defendant's technician proceeded to order window motor parts for future replacement. Despite the determination from Defendant's technician, Plaintiff's concerns have continued to plague the Subject Vehicle. The Subject Vehicle was out of service for approximately one (1) day during this repair attempt. The inspection and repairs were performed under the warranty issued by NISSAN OF NORTH AMERICA, INC.

8. On July 12, 2022, with approximately 11,854 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility, Cerritos Nissan, and reported the Subject Vehicle stalled on multiple occasions. Upon inspection, Defendant's authorized technician refused and/or failed test drive the Subject Vehicle to confirm Plaintiff's complaints. As such, Defendant's authorized technician was unable to verify Plaintiff's concern. Plaintiff additionally returned to replace the window motor for the left-rear window. Defendant's technician replaced the window motor and represented to Plaintiff that the Subject vehicle was repaired. Despite the determination from Defendant's technician, Plaintiff's concerns have continued to plague the Subject Vehicle. The Subject Vehicle was out of service for approximately one (1) day during this repair attempt. The inspection and repairs were

performed under the warranty issued by NISSAN OF NORTH AMERICA, INC.

9. On August 25, 2022, with approximately 14,360 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility, Cerritos Nissan, and reported the left-rear window malfunctioning *for the second time*. Upon inspection, Defendant's authorized technician detected an open circuit on the power window main switch. In response, Defendant's technician replaced the power window main switch. Plaintiff also communicated that the Forward Collision light would randomly activate, despite there being no obstructions in the vicinity, and would shut off, following the activation. Defendant's technician performed a system diagnosis and pulled fault codes B2721-63 and B2722-63, both pertaining to the rear sonar sensor. Upon further inspection, Defendant's technician narrowed the issue to be due to debris blocking the rear sonar sensor, causing the fault codes to appear. Defendant's technician cleared the debris and claimed the Subject Vehicle was now operating to warranty. However, Defendant's technician was unable to verify the Subject Vehicle shutting off following illumination of the Forward Collision light. Although Defendant's technician claimed that the Subject Vehicle was now operating to warranty, Plaintiff's concerns have continued to plague the Subject Vehicle. The Subject Vehicle was out of service for approximately one (1) day during this repair attempt. The inspection was performed under the warranty issued by NISSAN OF NORTH AMERICA, INC.

10. Defendant has failed to properly conform the Subject Vehicle to warranty as explicitly entailed in the Act.

11. Despite Plaintiff's repeated attempts at informing NISSAN OF NORTH AMERICA, INC.'s authorized repair facility of the engine, electrical, and structural system defects, none of the aforementioned repair attempts successfully repair the Subject Vehicle.

12. Thereafter, Plaintiff continued to experience symptoms of the various defects despite Defendant's representation that the Subject Vehicle was repaired.

13. Defendant was under an affirmative duty under the Song-Beverly Consumer Warranty Act to promptly offer to repurchase or replace the Subject Vehicle as soon as it failed to conform the Subject Vehicle to the terms of the express warranty after a reasonable number of repair attempts.

14. Despite having no obligation to do so, prior to filing this lawsuit, Plaintiff contacted Defendant NISSAN OF NORTH AMERICA, INC. directly and requested a repurchase of the Subject Vehicle due to the ongoing issues that Defendant and its authorized repair facilities could not repair to conform the vehicle to the terms of its written warranties within a reasonable number of repair opportunities. Defendant denied Plaintiff's request.[1]

## JURISDICTION AND VENUE

15. This Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. § 1332 *et seq.*, because the amount of recovery sought by Plaintiff exceeds the jurisdictional amount of $75,000.00, and there is complete diversity among the parties.

16. The Subject Vehicle, as reflected in the Sales Contract, has an approximate value of $47,251.20. Pursuant to the Song-Beverly Act, Plaintiff is seeking general, special, and actual damages, as well as civil penalties, up to two times the amount of actual damage. As such, Plaintiff seeks in the approximate amount of $141,753.60. Plaintiff is entitled to incidental and consequential damages estimated in the amount of $5,000.00, pursuant to the Act. Lastly, Plaintiff is also

---

[1] "[T]he Act is manifestly a remedial measure, intended for the protection of the consumer; it should be given a construction calculated to bring its benefits into action." (*Kwan v. Mercedes-Benz of North America, Inc.* (1994) 23 Cal.App.4th 174, 184.) A consumer's only obligation under the Act is to deliver the defective vehicle to an authorized repair facility. Whether the manufacturer is able to repair the problem is not dispositive. (*Oregel v. American Isuzu Motors, Inc.* (1995) 90 Cal.App.4th 1094, 1103-1104; *Krotin v. Porsche Cars North America, Inc.* (1995) 38 Cal.App.4th 294, 304.)

[2] "A manufacturer's duty to replace a vehicle does not depend on a consumer's request, but instead arises as soon as the manufacturer fails to comply with the warranty within a reasonable time. *Krotin v. Porsche Cars North America, Inc.*, 38 Cal.App.4th 294, 301-302 (1995). *Krotin* court noted that "[a]n automobile manufacturer need not read minds to determine which vehicles are defective; it need only read dealers' services records." *Id.* at 303.

seeking reasonable attorneys' fees under the Act. Accordingly, Plaintiff's claims meet the jurisdictional threshold required under 28 U.S.C. § 1332 (a).

17. Complete diversity exists as Plaintiff, ABRAHAM ARAGON, is a citizen of the State of California.

18. Defendant, NISSAN NORTH AMERICA, INC., is a Delaware corporation operating and doing business in the state of California. As reflected within Defendant's Statement of Information filed with the California Secretary of State, NISSAN NORTH AMERICA, INC. is incorporated and has its principal place of business in the State of Delaware. A true and correct copy of Defendant, NISSAN NORTH AMERICA, INC.'s Statement of Information filed with the California Secretary of State on September 19, 2022, is attached herewith as **Exhibit A**.

19. As such, the Defendant is not incorporated in California but in Delaware. Accordingly, there is complete diversity among the parties under 28 U.S.C. § 1332 (a) (1), and Plaintiff has now alleged sufficient facts to establish subject matter jurisdiction.[2]

20. Venue is proper in, and Defendants are subject to the personal jurisdiction of this Court because the Subject Vehicle was purchased at NISSAN OF ALHAMBRA, a NISSAN NORTH AMERICA, INC. authorized dealership and repair facility, located at 1811 West Main Street, Alhambra, CA 91801.

21. Venue is also proper, as Plaintiff, ABRAHAM ARAGON, is an individual residing in the city of Artesia, State of California.

22. All acts of corporate employees as alleged were authorized or ratified by an officer, director, or managing agent of the corporate employer.

---

[2] The Federal Rules are designed to minimize disputes over pleading technicalities. *See Ashcroft v. Iqbal*, 556 US 662, 678 (2009). A complaint is sufficient if it gives the defendant "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corporation et al. v. Twombly*, 550 U.S. 544, at 555 (2007); see *Starr v. Baca,* 652 F3d 1202, 1212 (9th Cir. 2011) (discussing traditional liberal theory of Rule 8(a)). In determining the sufficiency of a pleading, allegations of material fact are taken as true and construed in the light most favorable to the pleader. *See Erickson v. Pardus*, 551 US 89, 94 (2007) (emphasis added); *see also Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001 (9th Cir. 2008*); accord Proft v. Raoul*, 944 F3d 686, 690 (7th Cir. 2019).

23. Each Defendant, whether actually or fictitiously named herein, was the principal, agent (actual or ostensible), or employee of each other Defendant, and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiff for the relief prayed for herein.

## DEMAND FOR JURY TRIAL

24. Plaintiff, ABRAHAM ARAGON, hereby demands a trial by jury in this action.

## FIRST CAUSE OF ACTION

### Violation of the Song-Beverly Act – Breach of Express Warranty

25. Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

26. These causes of action arise out of warranty and repair obligations of NISSAN NORTH AMERICA, INC. in connection with a vehicle that Plaintiff purchased/leased and for which NISSAN NORTH AMERICA, INC. issued a written warranty. The warranty was not issued by the selling dealership.

27. The Subject Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, engine, electrical, and structural system defects.

28. Pursuant to the Song-Beverly Consumer Warranty Act (herein-after "the Act") Civil Code sections 1790 *et seq.,* the vehicle constitutes a "consumer good" used primarily for family or household purposes, and Plaintiff has used the Subject Vehicle primarily for those purposes.

29. Plaintiff is a "buyer" of consumer good under the Act.

30. Defendant NISSAN NORTH AMERICA, INC. is a "manufacturer" and/or "distributor" under the Act.

31. The foregoing defects and nonconformities to warranty manifested themselves in the Subject Vehicle within the applicable express warranty period. The nonconformities substantially impair the use, value, and/or safety of the vehicle.

32. Plaintiff delivered the Subject Vehicle to an authorized NISSAN NORTH AMERICA, INC. repair facility for repair of the nonconformities.

33. Defendant was unable to conform Plaintiff's vehicle to the applicable express warranty after a reasonable number of repair attempts.

34. Notwithstanding Plaintiff's entitlement, Defendant NISSAN NORTH AMERICA, INC. has failed to either promptly replace the new motor vehicle or to promptly make restitution in accordance with the Song-Beverly Act.

35. By failure of Defendant to remedy the defects as alleged above, or to issue a refund or replacement vehicle, Defendant is in breach of its obligations under the Song-Beverly Act.

36. Under the Act, Plaintiff is entitled to reimbursement of the price paid for the vehicle less that amount directly attributable to use by the Plaintiff prior to the first presentation of the nonconformities.

37. Plaintiff is entitled to all incidental, consequential, and general damages resulting from Defendant's failure to comply with its obligations under the Song-Beverly Act.

38. Plaintiff is entitled under the Song-Beverly Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.

39. Because Defendant willfully violated the Song-Beverly Act, Plaintiff is entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages for NISSAN NORTH AMERICA, INC.'s willful failure to comply with its responsibilities under the Act.

**SECOND CAUSE OF ACTION**

**Violation of the Song-Beverly Act – Breach of Implied Warranty**

40. Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

41. NISSAN NORTH AMERICA, INC. and its authorized dealership at which Plaintiff purchased the Subject Vehicle had reason to know the purpose of the Subject Vehicle at the time of sale of the Subject Vehicle. The sale of the Subject Vehicle was accompanied by implied warranties provided for under the law.

42. Among other warranties, the sale of the Subject Vehicle was accompanied by an implied warranty that the Subject Vehicle was merchantable pursuant to Civil Code section 1792.

43. Pursuant to Civil Code section 1791.1 (a), the implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) The Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labelled; (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

44. The Subject Vehicle was not fit for the ordinary purpose for which such goods are used because it was equipped with one or more defective vehicle systems/components.

45. The Subject Vehicle did not measure up to the promises or facts stated on the container or label because it was equipped with one or more defective vehicle systems/components.

46. The Subject Vehicle was not of the same quality as those generally accepted in the trade because it was sold/leased with one or more defective vehicle systems/components which manifested as engine, electrical, and structural system defects.

47. Upon information and belief, the defective vehicle systems and components were present at the time of sale of the Subject Vehicle; thus, extending the duration of any implied warranty under *Mexia v. Rinker Boat Co., Inc.* (2009) 174 Cal.App.4th 1297, 1304–1305 and other applicable laws.

48. Plaintiff is entitled to justifiably revoke acceptance of the Subject Vehicle under Civil Code, section 1794, *et seq*.

49. Plaintiff hereby revokes acceptance of the Subject Vehicle.

50. Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq*.

51. Plaintiff is entitled to rescission of the contract pursuant to Civil Code, section 1794, *et seq.* and Commercial Code, section 2711.

52. Plaintiff is entitled to recover any incidental, consequential, and/or "cover" damages under Commercial Code, sections 2711, 2712, and Civil Code, section 1794, *et seq*.

### THIRD CAUSE OF ACTION

**Violation of the Song-Beverly Act Section 1793.2(b)**

53. Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

54. Pursuant to Civil Code, section 1793.2, subdivision (a) a manufacturer that sells consumer goods in California, for which it has made an express warranty, shall maintain service and repair facilities or designate and authorize independent service and repair facilities to carry out the terms of those warranties.

55. Pursuant to Civil Code, section 1793.2, subdivision (b), when service and repair of goods are necessary because they do not conform with the applicable express warranties, service and repair shall be commenced within a reasonable time by the manufacturer or its representative.

56. Civil Code, section 1793.2, subdivision (b) further states that goods

shall be serviced or repaired so as to conform to the applicable warranties within 30 days and/or within a reasonable time.

57. The sale of the Subject Vehicle was accompanied by express warranties, including a warranty guaranteeing that the Subject Vehicle was safe to drive and not equipped with defective parts, including engine, electrical, and structural system defects.

58. Plaintiff delivered the Subject Vehicle to NISSAN NORTH AMERICA, INC.'s authorized service representatives on multiple occasions. The Subject Vehicle was delivered for repairs of defects, which amount to nonconformities to the express warranties that accompanied the sale of the Subject Vehicle.

59. Defendant's authorized facilities did not conform the Subject Vehicle to warranty within 30-days and/or commence repairs within a reasonable time and NISSAN NORTH AMERICA, INC. has failed to tender the Subject Vehicle back to Plaintiff in conformance with its warranties within the timeframes set forth in Civil Code section 1793.2(b).

60. Plaintiff is entitled to justifiably revoke acceptance of the Subject Vehicle under Civil Code, section 1794, *et seq*.

61. Plaintiff hereby revokes acceptance of the Subject Vehicle.

62. Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq.*

63. Plaintiff is entitled to rescission of the contract pursuant to Civil Code section 1794, *et seq.* and Commercial Code, section 2711.

64. Plaintiff is entitled to recover any "cover" damages under Commercial Code sections 2711, 2712, and Civil Code, section 1794, *et seq.*

65. Plaintiff is entitled to recover all incidental and consequential damages pursuant to 1794 *et seq.* and Commercial Code sections, 2711, 2712, and 2713 *et seq.*

66. Plaintiff is entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that NISSAN NORTH

AMERICA, INC. has willfully failed to comply with its responsibilities under the Act.

### PRAYER FOR RELIEF

1. For general, special, and actual damages according to proof at trial;
2. For recission of the purchase contract and restitution of all monies expended;
3. For diminution in value;
4. For incidental and consequential damages according to proof at trial;
5. For civil penalty in the amount of two times Plaintiff's actual damages;
6. For prejudgment interest at the legal rate;
7. For reasonable attorneys' fees and costs of suit; and
8. For such other and further relief as the Court deems just and proper under the circumstances.

Dated:   January 30, 2023

**QUILL & ARROW, LLP**

*/s/ Kevin Y. Jacobson*
Kevin Y. Jacobson, Esq.
Allen Amarkarian, Esq.
Attorneys for Plaintiff,
**ABRAHAM ARAGON**